# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------x
ANTHONY ROPER,

                               Plaintiff,

    -against-

THE CITY OF NEW YORK and THE NEW YOK
CITY POLICE DEPARTMENT and POLICE
OFFICER GIANNANTONIO and POLICE OFFICER
JOHN DOE

                              Defendants.
------------------------------------------------------------------x

Index No:
 Filed: 6/9/21
**SUMMONS**

Plaintiff designates
Kings County
as the place of trial

The basis of venue is:
Place of occurrence

To the above named Defendants:

    You are hereby summoned to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this Summons to serve a Notice of Appearance on the plaintiff's attorney within twenty (20) days after the service of this Summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
         June 8, 2021

                                                          _[signature]_
                                                         VINCENT J. LICATA, P.C.
                                                         Attorneys for Plaintiff
                                                         225 Broadway Suite 3707
                                                         New York, New York 10007
                                                         212-349-6565

Defendant's Address:
The City of New York
100 Chruch Street
New York, New York 10007

Police Officer Giannantonio
1 Police Plaza
New York, New York 10038

The New York City Police Department
1 Police Plaza
New York, New York 10038

Police Officer John Doe
1 Police Plaza
New York, New York 10038

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------x
ANTHONY ROPER,

      Plaintiff,

  -against-              VERIFIED COMPLAINT

THE CITY OF NEW YORK and THE NEW YORK
CITY POLICE DEPARTMENT and POLICE,    Index No:
OFFICER GIANNANTONIO and POLICE OFFICER
JOHN DOE,

      Defendants.
-----------------------------------------------------------------------x

 Plaintiff, ANTHONY ROPER, complaining of the Defendants, by his attorney VINCENT J. LICATA, P.C. alleges upon information and belief as follows:

 1. That the cause of action herein arose in the County of Kings, City and State of New York.

 2. That on May 29, 2020 and at all times hereinafter mentioned, the defendant CITY OF NEW YORK (hereinafter "City") was and still is a domestic municipal corporation.

 3. That on May 29, 2020 and at all times hereinafter mentioned, the defendant NEW YORK CITY POLICE DEPARTMENT was and still is an agency of defendant, THE CITY OF NEW YORK (hereinafter "NYPD").

 4. That on May 29, 2020 and at all times hereinafter mentioned, the Defendant, Police Officers GIANNANTONIO (Badge Number 956675) was employed by the defendant, NYPD.

 5. That on May 29, 2020 and at all times hereinafter mentioned, the Defendant, Police Officer JOHN DOE was employed by the defendant, NYPD.

6. That at all times hereinafter mentioned, defendant, City acting through defendant, NYPD was responsible for policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention of all NYPD personnel.

7. That at all times hereinafter mentioned, defendant, City was responsible for enforcing the rules of the NYPD, and ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

8. That on July 30, 2020 a Notice of Claim stating, among other things the time when and the place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof was duly served on the defendants, CITY, NYPD and Police Officers GIANNANTONIO and JOHN DOE and that said defendants refused or neglected for more than thirty (30) days and up to the commencement of this action to make any adjustment or payment thereof and thereafter, and within the time prescribed by law, this action was commenced.

9. That at all times hereinafter mentioned and more specifically on May 29, 2020, Police Officers GIANNANTONIO and JOHN DOE were employees (police officers) of the defendant, NYPD and, as such, was acting in the capacity of an agent, servant and/or employee of the defendant, City.

10. That at all times hereinafter mentioned, police office GIANNANTONIO and JOHN DOE were plaintiff's arresting officers and was under the command of the 78th Precinct of the NYPD. Police Officers GIANNANTONIO and JOHN DOE are sued in their individual capacities.

11. That a Municipal Hearing pursuant to Section 50 (h) of the General Law was held on October 6, 2020 .

12. That this action has been commenced within one (1) year and ninety (90) days of the occurrence complained of herein.

13. That at all times hereinafter mentioned and specifically on May 29, 2020, at approximately 11:00pm the plaintiff, ANTHONY ROPER while lawfully in front of the location known as 5th Avenue and Prospect Place in the County of Kings, City and State of New York was arrested by New York City Police Officers, specifically Police Officers GIANNANTONIO and John Doe and was charged with alleged obstruction of governmental administration, unlawful assembly, (New York State Penal Law Section 195.05), disorderly conduct (New York State Penal Law Section 240.20) and violation/failure to comply with building department (New York City Administrative Code Section 26-248(a))

14. That at all times hereinafter mentioned and more specifically on May 29, 2020 the plaintiff, ANTHONY ROPER was physically assaulted, placed in handcuffs, detained and later transported to the 78th Precinct with other prisoners in a closed police van.

15. That at all times hereinafter mentioned and more specifically on May 29, 2020 the plaintiff, ANTHONY ROPER was placed handcuffed in a holding cell for several hours before being transported to Kings County central booking.

16. That at all times hereinafter mentioned and more specifically during the late night of May 29, 2020 and early morning hours of May 30, 2020 the plaintiff, ANTHONY ROPER remained at central booking.

17. That at all times hereinafter mentioned and more specifically on May 30, 2020, Plaintiff, Anthony Roper was released with a desk appearance ticket. Formal arraignment Has been rescheduled numerous times and is now scheduled for June 4, 2021 in Kings Countycriminal Court..

18. That at all times hereinafter mentioned, plaintiff, ANTHONY ROPER was in police custody and in the custody of the New York City Police Department and New York City criminal Courts in excess of twenty four (24) hours without receiving proper medical attention.   d.

19. That at all times hereinafter mentioned and specifically on May 29, 2020, the defendants were engaged in a joint venture and formed an agreement to violate plaintiff's civil rights as well as the rights of others at the scene. That police officer GIANNANTONIO, police officer JOHN DOE and the other officers assisted each other in performing various actions described and lent their physical presence and support and the authority of their office  to each other during said events. They failed to intervene in the obvious illegal actions of  police officers GIANNANTONIO, and JOHN DOE  and other fellow officers against the plaintiff.

20. That at all times hereinafter mentioned and specifically on May 29, 2020 and continuing into May 30, 2020  the defendants acted maliciously and with intent to assault and injure the plaintiff.

21. That the foregoing occurrence was caused due solely and wholly to the negligence of the Defendants, CITY OF NEW YORK, Defendant, NEW YORK CITY POLICE DEPARTMENT, and police officers GIANNANTONIO and JOHN DOE their agents, servants, contractors and/or employees in failing to adequately and properly

investigate the facts and circumstances involved in the underlying incident; in willfully assaulting the plaintiff; in detaining the plaintiff while in custody; in negligently detaining the plaintiff in custody; in failing to have a warrant or probable cause to arrest; in intentional and reckless disregard for police procedures; in failing to follow its own police rules; in wrongfully arresting the plaintiff without probable cause; in causing the plaintiff bodily injury; in negligently hiring its officers, servants employees and/or agents; in confining the plaintiff against her will; in intentionally and/or negligently causing the plaintiff emotional distress; in intentionally and/or negligently falsely arresting the plaintiff; in intentionally and/or negligently falsely imprisoning the plaintiff; in failing to adequately investigate the back-round of its officers, employees agents and/or servants; in failing to properly train its officers, employees, servants and/or agents; in arresting the plaintiff without probable cause; in detaining plaintiff in custody without probable cause; in violating the plaintiff's Civil Rights; in violating 42 United States Code Sections 1982 and 1983;

22. The defendant, City is liable for damages suffered by the plaintiff as a result of the conduct of their officers,, employees, agents and/or servants, in that, after learning of their officers/employees violation of plaintiff's constitutional rights, they failed to remedy the unlawful acts committed. That the defendant City has created and allowed a policy, custom and practice under which unconstitutional methods of policing occur and have allowed such customs and practices to continue. That the defendant, City has acted in a grossly negligent manner in managing subordinates participating in unlawful conduct against law abiding citizens, specifically the plaintiff herein. That the defendant, City has both direct and indirect knowledge of the regular use of excessive force and false arrests.

That the defendant, City's deliberate indifference to the custom and practice of excessive force and unlawful arrests by their officers and/or employees cause a violation of plaintiff's rights in this case.

23. The defendant, City of New York is negligent in as much as it has allowed the NYPD to use excessive force, unlawfully search its citizens, file charges with no legal basis, perjure themselves in charging instruments and testimony and in failing to intervene in and report illegal actions by NYPD officers and more specifically against the plaintiff herein.

24. That the defendant, City of New York is liable for the damages suffered by individuals, including the plaintiff herein that occur as a result of the conduct of their agents, servants and/or employees and more specifically NYPD police officers. That the defendant, City has direct and implied knowledge regarding the use of excessive force false arrests and unlawful imprisonments by NYPD police officers against private citizens and the violation of constitutionally protected rights. That the defendant, City has exhibited deliberate indifference to excessive force, false arrests and unlawful imprisonment by the NYPD and has failed to implement policies and procedures to protect the rights of its citizens, specifically the plaintiff herein.

25. That the defendants, acting under color of law violated the plaintiff's rights pursuant to Sections 5, 6 and 12 of the New York state Constitution. As such, a damage remedy is necessary to effectuate the purposes of Sections 5, 6 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiff's rights under the aforementioned sections.

26. That the defendant's willful wanton and malicious conduct and tortious actions against the plaintiff were undertaken within the scope of their employment with defendant, NYPD and in furtherance of the business of defendant City. As a result of the willful, wanton and malicious conduct and tortious actions of the defendants the plaintiff has been damaged.

27. That the defendant negligence in hiring and training of NYPD police officers resulted in the NYPD using excessive force against the plaintiff, the plaintiff being falsely arrested and falsely imprisoned all of which proximately caused plaintiff's injuries.

WHEREFORE, plaintiff, ANTHONY ROPER demands judgment against the defendants in excess of the jurisdictional limits of the courts including but not limited to compensatory damages, punitive damages, reasonable attorney fees and such other and further relief as this court deems just, proper and equitable.

Dated: New York, New York
       June 8, 2021

VINCENT J. LICATA P.C.
Attorney for Plaintiff
225 Broadway Suite 3707
New York, New York 10007
212-349-6565